986 A.2d 62

**Jeanne LESKO, as Executrix of The Estate of Kathleen Bernath, Respondent**

v.

**FRANKFORD HOSPITAL–BUCKS COUNTY, Frankford Healthcare System, Inc., Jefferson Health System, Inc., Frankford Hospitals, Petitioners.**

Supreme Court of Pennsylvania.

Dec. 24, 2009.

*ORDER*

PER CURIAM.

**AND NOW,** this 24th day of December, 2009, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioners, are:

Whether the Superior Court's decision that the Settlement Agreement and Release requires Petitioners to pay [respondent's] estate an additional lump sum of $1,660,110, contravenes controlling Pennsylvania Supreme Court law governing contract interpretation and also Superior Court's own precedent, where:

(i) there is no language anywhere in the four corners of the contract stating that Petitioners are required to pay the

[respondent's] estate an additional lump sum of $1,660,110 if, and after she died;

(ii) the Superior Court improperly made its own *fact-finding on appeal* in violation of controlling principles of appellate jurisdiction and procedure, when it found that Petitioners "drafted the contract" (a fact which even the trial court itself did *not* and could not find), causing the Superior Court to improperly construe the contract against the supposed "drafter" which corrupted the entire legal reasoning of its decision;

(iii) the Superior Court otherwise misapplied this Court's controlling legal precedent for construing a contract against a drafter, said rule which would apply *only if there is an ambiguity,* and the Superior Court itself inconsistently purported that there was *no ambiguity;*

(iv) the Superior Court misapplied this Court's doctrine of impracticability/impossibility, without citation to any authority, to impermissibly *judicially create* a new contract obligation, when the doctrine applies only to instances to *excuse* performance; and

(v) the Superior Court disregarded entirely this Court's controlling precedent that specific provisions control general provisions in construing a contract, which forecloses any possibility of reading into this contract language stating that Petitioners shall pay the [respondent's] estate an additional lump sum of $1,660,110.